| | |
|---|---|
| Jeffrey L. Tarkenton (VA Bar # 20631) | John P. McVeigh |
| Todd D. Ross | Preti Flaherty |
| Womble Carlyle Sandridge & Rice PLLC | One City Center |
| 1401 Eye Street, N.W., Suite 700 | Portland, ME 04101 |
| Washington, D.C. 20005 | Phone: 207.791.3000 |
| (202) 467-6900 – Telephone | Fax: 207.791.3111 |
| (202) 261-0050 – Facsimile | |

*Co-Counsel to MaineToday Media, Inc.*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA
# (Richmond Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CIRCUIT CITY STORES, INC., *et al.*, | ) | Case No. 08-35653-KRH |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| ALFRED H. SIEGEL, AS TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. Pro. No. 10-03670 |
| | ) | |
| MAINETODAY MEDIA, INC. and SEATTLE TIMES COMPANY, jointly and individually doing Business as PORTLAND PRESS HERALD, MAINE SUNDAY TELEGRAM, PRESS HERALD TELEGRAM, and/or MAINETODAY.COM, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER TO THE LIQUIDATING TRUSTEE'S COMPLAINT
TO AVOID AND RECOVER PREFERENTIAL TRANSFERS
<u>AND OBJECTION TO SCHEDULED CLAIMS</u>**

MaineToday Media, Inc., doing business as Portland Press Herald, Maine Sunday Telegram, Press Herald Telegram and MaineToday.com ("Maine" or "Defendant"), by and

through its undersigned counsel, hereby answers The Liquidating Trustee's Complaint to Avoid and Recover Preferential Transfers and Objection to Scheduled Claims (the "Complaint") brought by Alfred H. Siegel ("Trustee" or "Plaintiff"), as trustee of the Circuit City Stores, Inc. Liquidating Trust (the "Trust"), as follows:

## NATURE OF THE ACTION

1. Maine admits that the Plaintiff is attempting to assert the claims identified in Complaint paragraph 1, but denies that Maine is liable therefor.

## THE PARTIES

2. Maine admits the allegations of Complaint paragraph 2.

3. Maine admits the allegations of Complaint paragraph 3.

4. Maine admits the allegations of Complaint paragraph 4.

5. Maine admits the allegations of Complaint paragraph 5.

## JURISDICTION AND VENUE

6. Maine admits the allegations of Complaint paragraph 6.

7. Maine admits the allegations of Complaint paragraph 7.

8. Maine admits the allegations of Complaint paragraph 8.

9. Maine admits the allegations of Complaint paragraph 9.

## PERTINENT FACTS

**A.** <u>**General Case Background**</u>

10. Maine admits the allegations of Complaint paragraph 10.

11. Maine admits the allegations of Complaint paragraph 11.

12. Maine admits the allegations of Complaint paragraph 12.

13. Maine admits the allegations of Complaint paragraph 13.

WCSR 4510711v1

14. Maine admits the allegations of Complaint paragraph 14.

15. Maine admits the allegations of Complaint paragraph 15.

**B.   The Business Relationship Between Circuit City and Defendant**

16. Maine admits the allegations of Complaint paragraph 16.

17. Maine denies the allegations of Complaint paragraph 17, and states, by way of explanation, that Maine purchased the Maine-based newspaper assets of Blethen Maine Newspapers, Inc. ("Blethen") on June 15, 2009, and has never had any business relationship with Circuit City Stores, Inc., or, for that matter, with Seattle Times Company, outside of the sale transaction with Blethen, a subsidiary of Seattle Times Company.

18. Maine denies the allegations of Complaint paragraph 18, as they may relate to alleged activities of Maine.

19. Maine denies the allegations of Complaint paragraph 19, as they may relate to alleged activities of Maine.

20. Maine denies the allegations of Complaint paragraph 20 concerning any receipt by Maine of the alleged transfers, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

**C.   The Scheduled Claims**

21. Maine denies the allegations of Complaint paragraph 21 concerning any receipt by Maine of the alleged transfers, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

22. Maine denies the allegations of Complaint paragraph 22 concerning any receipt by Maine of the alleged transfers, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

WCSR 4510711v1

**D.    Transfers to Defendants Made Within 90 Days Prior to the Petition Date**

23. Maine denies the allegations of Complaint paragraph 23 concerning any receipt by Maine of the alleged transfers, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

24. The allegations of Complaint paragraph 24 are statements of intent and speculation and do not require a response

## COUNT I

**AVOIDANCE OF PREFERENTIAL TRANSFERS
PURSUANT TO 11 U.S.C. § 547(b)
(against all Defendants)**

25. Maine incorporates herein by reference its responses to the allegations contained in paragraphs 1 through 24 of the Complaint as if fully set forth herein.

26. Maine denies the allegations of Complaint paragraph 26, as they may relate to facts alleged against Maine, and Maine is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

27. Maine denies the allegations of Complaint paragraph 27, as they may relate to facts alleged against Maine, and Maine is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

28. Maine denies the allegations of Complaint paragraph 28, as they may relate to facts alleged against Maine, and Maine is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

29. Maine denies the allegations of Complaint paragraph 29, as they may relate to facts alleged against Maine, and Maine is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

30. Maine denies the allegations of Complaint paragraph 30, as they may relate to facts alleged against Maine, and Maine is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

31. Maine denies the allegations of Complaint paragraph 31, as they may relate to facts alleged against Maine, and Maine is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

32. Maine denies the allegations of Complaint paragraph 32, as they may relate to facts alleged against Maine, and Maine is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

## **COUNT II**

**RECOVERY OF PREFERENTIAL TRANSFERS
PURSUANT TO 11 U.S.C. § 550
(against all Defendants)**

33. Maine incorporates herein by reference its responses to the allegations contained in paragraphs 1 through 32 of the Complaint as if fully set forth herein.

34. Maine denies the allegations of Complaint paragraph 34, as they may relate to facts alleged against Maine, and Maine is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

35. Maine denies the allegations of Complaint paragraph 35, as they may relate to facts alleged against Maine, and Maine is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

36. Maine denies the allegations of Complaint paragraph 36, as they may relate to facts alleged against Maine, and Maine is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

WCSR 4510711v1

# COUNT III

## OBJECTION TO THE SCHEDULED CLAIMS – DISALLOWANCE UNDER 11 U.S.C. § 502(d)
### (against all Defendants)

37. Maine incorporates herein by reference its responses to the allegations contained in paragraphs 1 through 36 of the Complaint as if fully set forth herein.

38. Maine is without knowledge or information sufficient to form a belief as to the truth of the allegations of Complaint paragraph 38, but states that, to the extent the Scheduled Claims represent outstanding accounts receivable owed to the Maine newspapers whose assets were purchased by Maine, they are payable to Maine, alone, as part of the assets purchased.

39. Maine denies the allegations of Complaint paragraph 39, as they may relate to facts alleged against Maine, and Maine is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

40. Maine denies the allegations of Complaint paragraph 40, as they may relate to facts alleged against Maine, and Maine is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

41. To the extent a response is required to the prayer for relief, Maine admits that Plaintiff requested the stated relief, but denies Plaintiff is entitled to it.

42. If any factual allegation contained in the Complaint is not admitted, it is hereby denied.

## FIRST DEFENSE

As a purchaser of the assets of Blethen Maine Newspapers, Inc. ("Blethen"), without any assumption of the liabilities of Blethen for preference recoveries on paid accounts, Maine cannot be held liable for any preference recovery on accounts paid to Blethen.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

Maine requires strict proof by Plaintiff of each of the required elements of a preference under Section 547(b) of the Bankruptcy Code.

## FOURTH DEFENSE

If Maine did business with the Debtors, then the payments were intended to be and were substantially contemporaneous exchanges for value.

## FIFTH DEFENSE

If Maine did business with the Debtors, then the alleged payments were made in the ordinary course of business with the Debtors.

## SIXTH DEFENSE

If Maine did business with the Debtors, then the alleged payments were made in accordance with ordinary business terms and industry standards.

## SEVENTH DEFENSE

If Maine did business with the Debtors, then the alleged payments are offset by the subsequent delivery to the Debtors of new value in services as yet unpaid for.

## EIGHTH DEFENSE

If Maine did business with the Debtors, then the Debtors were not insolvent at the time.

## NINTH DEFENSE

7

If Maine did business with the Debtors, then the payments did not enable Maine to receive more than it would have received in a Chapter 7 proceeding of the Debtors.

TENTH DEFENSE

If Maine received the alleged payments, it did so as a mere conduit for payment to some other entity.

WHEREFORE, Maine respectfully prays that, upon consideration of the pleadings, the Court dismisses the Complaint with prejudice, taxes all costs to Plaintiff, and grants such other and further relief to Maine as is just and equitable under the circumstances.

Dated:  December 10, 2010

Respectfully submitted,

/s/ Jeffrey L. Tarkenton
Jeffrey L. Tarkenton (VSB No. 20631)
Todd D. Ross
WOMBLE CARLYLE SANDRIDGE
   & RICE, PLLC
1401 Eye Street, N.W.
Seventh Floor
Washington, DC  20005
Telephone:  202-857-4450
Facsimile:  202-467-4910
jtarkenton@wcsr.com
toross@wcsr.com

and

John P. McVeigh
Preti Flaherty
One City Center
Portland, ME  04101
Phone:  207.791.3000
Fax:  207.791.3111
jmcveigh@preti.com

*Co-Counsel for MaineToday Media, Inc.*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of December 2010, I caused a copy of the foregoing Answer to The Liquidating Trustee's Complaint to Avoid and Recover Preferential Transfers and Objection to Scheduled Claims to be served via the Court's CM/ECF system or by first class mail, postage prepaid, upon the following:

Lynn L. Tavenner, Esq.
Paula S. Beran, Esq.
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
    *Counsel for the Liquidating Trustee*

James S. Carr, Esq.
Nicholas J. Panarella, Esq.
Martin Krolewski, Esq.
Kristin S. Elliott, Esq.
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
    *Counsel for the Liquidating Trustee*

W. Clarkson McDow, Jr.
Robert B. Van Arsdale
Office of the U.S. Trustee
701 E. Broad St., Suite 4304
Richmond, VA  23219
    *United States Trustee*

                          */s/ Jeffrey L. Tarkenton*
                          Jeffrey L. Tarkenton